Judge Ewing
delivered the Opinion of the Court.
An action of ejectment was brought by Robert Forsythe, as lessor, against John Forsythe, as tenant in possession, and at the April term, 1832, Duncan and wife were admitted ' defendants., At the July Term, 1834, on the calling of the cause for trial, the affidavit of Duncan was exhibited, and motion made for a change of venue, which was overruled by the Court. Whereupon a motion was made for a rule on the attorneys for the plaintiff, on affidavit, that the lessor of the plaintiff had died since the filing of the declaration in ejectment — “to show and exhibit on record, who in fact the plaintiffs were, who? since the death of the lessor of the plaintiff, carried on this suit against the defendants;” which motion was also overruled by the Court.
The only affidavit which shows the deo.th of the lessor, is contained in the affidavit for a change of venue? and which is in the following language: “That since the institution of said suit, Robert Forsythe hath departed this life; that since his death, John Forsythe, William Forsythe, Peter Forsythe and others, together with Benjamin Forsythe and Thomas Best, who administered upon the goods, &c. of said Robert Forsythe, deceased, appear to take an interest in said suit, and since have taken the management thereof upon themselves, conceiving themselves legally interested in the same, as your petitioner supposes and believes;” and further stated,“that at sundry times, up Jo the present term of the court, efforts had been made to settle, and adjust, and compromise the matters in controversy.
Where the lessor of the plaintiff is an infant, or no 11-resident, or has died pending the suit, the defendant may have a rule to stay proceedings till security for costs is given. So, also, where defendant does not know the lessor, and demands information as to I1Í3 residence Sfc. which is refused, or, being given, proves delusive. But these are privileges of defendant that may be waived; and, if claimed, grounds for the rule must be shown by affidavit.
Where a defendant moved for a rule on plaintiff’s attorney, to show who was carrying on the ejectment, after the death of the lessor, and referred to an affidavit, which did not state that he did not know, but, on the contrary, :disclosed facts indicating clearly, that he did know for whom the suit was prosecuted, the motion was properly oyerruled.
*230 The practice of staying proceedings in ejectment until security for costs be given, in cases where the lessor of the plaintiff was an infant, was resident abroad, or died during the pendency of the suit, originating with the court of King’s Bench, was afterwards adopted by all the courts of England as an established rule of practice, and has, by repeated adjudications, become the law of the land. Tillinghasis Adams on Ejectment, 317, 305 — 6; Strange, 1056; Tidd’s Practice.
A similar rule has prevailed, “that when the lessor is unknown to the defendant, he may demand an account of his residence, or place of abode, from the lessor’s attorney, and if he refuse to give it, or give a fictitious account of a person who cannot be found, proceedings will be stayed until security for costs be given. Same authority, 616, 610; Tidd's Practice.
A rule, staying proceedings till security for costs be given, has also prevailed in the courts of Virginia. 2 Hen. & Mun. 614, Purvis vs. Hill; 2 Mun, 453, Mooberry et al. vs. Marye; 2 Hen. Mun. 31, Carter vs. Washington; 3 Mm. 191, Medley vs. Medley.
From these adjudications, it seems, a defendant has a right to ask and demand of the court, a stay of the proceedings upon a proper case made out, until security for costs be given; or, where the lessor is unknown to him, to demand that he be made known.
But this right is for the benefit of the defendant, and may be waived by him.
If a defendant desires security for costs, he should show by affidavit that the lessor is dead, and move the Court, specifically, for a stay of proceedings until security be given. No error is committed in rendering judgment without it. Purvis vs. Hill, 2 Hen. Mun. 614.
No motion was made in the present case, for a stay, for want of security. It is true, he asks for an exhibition of the names of the persons who are carrying on the suit. But his affidavit does not show that they are unImown to him. And indeed his affidavit shows clearly, that he is well apprised of the individuals who were concerned. He must have known who were the heirs *231 and representatives of Robert Forsythe, deceased, who lived and died in his neighborhood; and who were alone interested in prosecuting the said suit, and upon whom all the interest of said Robert devolved; and who would have a right to be put into possession of the land, under the direction of the Court in case of success. He set forth the names of several, if not all of them, in his affidavit, as well as the names of his administrators; and swore that propositions for compromise had been passing, before and since the death of the lessor, up to that time. He could not have been ignorant of who they were. The motion seems to have been made more in the spirit of vexation, and with the intention to procrastinate, than with a view to be informed of their names or persons ; and was properly overruled by the Court.
A sale of land, under an ex’on. maycomewithin the statute of frauds; if the purchase is made for the purpose of hindering, delaying or defrauding the creditors of the deft, whose land is sold, the sale is void as to all creditors and purchasers — pri- or or subsequent.
On the trial of the cause, the Court instructed the jury, that if the defendant Cynthia purchased the land when sold under Arnold’s execution, for the purpose of hindering, delaying or defrauding the creditors of John Forsythe, that in such ease, said purchase was void as to such creditors, and as to purchasers, and judgments and executions in favor of such creditors.
The defendant Cynthia claimed under a prior deed, made in pursuance of a sale made under execution in favor of Arnold. The lessor of the plaintiff claimed under a subseqent deed, or on a subsequent sale under execution.
There is evidence in the cause to justify the jury to conclude, that the sale under which she claimed, was brought about by a fraudulent arrangement concocted between John Forsythe, the defendant in the execution, her father, and herself, and the sheriff, to shift the land out of his -hands into the hands of his daughter Cynthia, with the intention to hinder, delay and obstruct creditors in the collection of their debts. That the sheriff was used as a mere instrument to accomplish this object. If so, the sale would not stand upon better ground than a sale made for that purpose by John Forsythe himself. And it has been repeatedly settled by the English courts, in the construction of their statute of frauds, as well as *232 by this Court, in the construction of our statute, that a sale made with such intention, is void, not only as to prior creditors and purchasers, but also, as to subsequent creditors and purchasers.
It is, therefore, considered by the Court that the judgment of the Circuit Court be affirmed.